1
UNITED STATES DISTRICT COURT

2
CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

3
HONORABLE ANDRÉ BIROTTE JR., U.S. DISTRICT JUDGE

4

5
UNITED STATES OF AMERICA,          )
                                   )
6
                   PLAINTIFF,      )
                                   )
7
          vs.                      ) No. CR 17-0288-AB
                                   )
8
JESUS RAUL SALAZAR-ESPINOZA,       )
                                   )
9
                   DEFENDANT.      )
_____   )

10

11

12

13
REPORTER'S TRANSCRIPT OF PROCEEDINGS

14
FRIDAY, NOVEMBER 2, 2018

15
1:45 P.M.

16
LOS ANGELES, CALIFORNIA

17

18

19

20

21

22
_____

23
**CHIA MEI JUI, CSR 3287, CCRR, FCRR**
FEDERAL OFFICIAL COURT REPORTER
24
350 WEST FIRST STREET, ROOM 4311
LOS ANGELES, CALIFORNIA 90012
25
cmjui.csr@gmail.com

```
 1    APPEARANCES OF COUNSEL:

 2    FOR THE PLAINTIFF:

 3            OFFICE OF THE UNITED STATES ATTORNEY
              BY: LAUREN RESTREPO
 4            ASSISTANT U.S. ATTORNEY
              312 NORTH SPRING STREET
 5            13TH FLOOR
              LOS ANGELES, CALIFORNIA 90012
 6            (213) 894-2434

 7
      FOR THE DEFENDANT:
 8
              ANGEL NAVARRO, ATTORNEY AT LAW
 9            1 SOUTH FAIR OAKS AVENUE
              SUITE 401
10            PASADENA, CALIFORNIA 91105
              (626) 390-6621
11

12

13    ALSO PRESENT:

14            F. JAVIER VILLALOBOS, Spanish interpreter

15

16

17

18

19

20

21

22

23

24

25
```

```
 1              LOS ANGELES, CALIFORNIA; FRIDAY, NOVEMBER 2, 2018

 2                               1:45 P.M.

 3                                 -  -  -

 4              THE CLERK:  Calling CR 17-0288-AB, United States

 5    of America versus Jesus Raul Salazar-Espinoza.

 6              Counsel, please step forward and state your

 7    appearances.

 8              MS. RESTREPO:  Good afternoon, Your Honor.

 9    Lauren Restrepo on behalf of the United States.

10              THE COURT:  I almost didn't recognize you,

11    Miss Restrepo.  Good to see you again.

12              MR. NAVARRO:  Your Honor, good afternoon.  Angel

13    Navarro on behalf of Mr. Salazar who is making his way

14    inside.

15              THE COURT:  Good to see you, Mr. Navarro.

16              We have our court interpreter.  If we can please

17    have our dear friend identify himself for the record,

18    please, Mr. Villalobos.

19              THE INTERPRETER:  F. Javier Villalobos, Spanish

20    language interpreter, oath on file.

21              THE COURT:  Thank you for being here this

22    afternoon.

23              This originally was on for status conference, but

24    I have seen some pleadings that have been filed in the

25    meantime.  So we're going to go through a change of plea; is
```

 1   that correct?

 2           MS. RESTREPO:  That's correct, Your Honor.

 3           MR. NAVARRO:  Yes, Your Honor.

 4           THE COURT:  We'll await your client.

 5       (The defendant enters the courtroom.)

 6           MR. NAVARRO:  Thank you, Your Honor.  We're ready.

 7           THE COURT:  All right.  Let me just get my notes

 8   on this.

 9           MR. NAVARRO:  Could I have a second, Your Honor?

10           THE COURT:  Absolutely.  Take your time.

11       (Brief pause in the proceedings.)

12           THE COURT:  Are we ready?

13           MR. NAVARRO:  Yes, Your Honor.

14           THE COURT:  I understand we are here today because

15   Mr. Salazar-Espinoza wants to enter pleas of guilty to

16   Counts 1 and 4 of the Indictment; is that correct,

17   Mr. Navarro?

18           MR. NAVARRO:  Correct, Your Honor.

19           THE COURT:  Sir, we're going to be here for about

20   30 or 40 minutes.  Okay?  Before I can accept your plea, I

21   have to be sure that you are fully informed of all of your

22   rights and that you understand those rights and what's

23   happening here this afternoon.

24           I am going to ask you a number of questions.  I am

25   going to inform you of the rights that you have, but if

1    there is anything that I say that you don't understand,

2    please let your lawyer know or let me know, and we will do

3    what we can to try to explain it to you.  All right, sir?

4    Because this is very important, an important decision for

5    you, and I need to make sure that you understand the

6    consequences of your plea.  All right, sir?

7              THE DEFENDANT:  Okay.

8              THE COURT:  All right.  So we're going to place

9    you under oath at this time.

10             THE CLERK:  Please raise your right hand.

11             You do solemnly swear that you will make true

12   answers to such questions that the Court will ask you

13   regarding your change of plea, so help you God?

14             THE DEFENDANT:  Yes.

15             THE COURT:  All right.  Sir, you have now been

16   placed under oath and so, if you answer any of my questions

17   falsely, those answers could be used in a later prosecution

18   for perjury or for making a false statement.  Do you

19   understand that, sir?

20             THE DEFENDANT:  Yes.

21             THE COURT:  Do you understand that you also have

22   the right to remain silent and not answer any of my

23   questions?

24             THE DEFENDANT:  Yes.

25             THE COURT:  Do you give up that right, sir?

```
 1                    THE DEFENDANT:  Yes.

 2                    THE COURT:  And what is your true and correct full

 3       name?

 4                    THE DEFENDANT:  Jesus Raul Salazar-Espinoza.

 5                    THE COURT:  And how old are you, sir?

 6                    THE DEFENDANT:  Fifty-one.

 7                    THE COURT:  All right.  How many years of school

 8       have you completed?

 9                    THE DEFENDANT:  Six.

10                    THE COURT:  Have you been treated recently for any

11       mental illness or addiction to narcotics of any kind?

12                    THE DEFENDANT:  No.

13                    THE COURT:  Are you under the influence of any

14       drug, medication, or alcoholic beverage of any kind?

15                    THE DEFENDANT:  No.

16                    THE COURT:  Have you had any drugs, medication, or

17       alcohol within the last three days?

18                    THE DEFENDANT:  No.  No.

19                    THE COURT:  Do you suffer from any mental

20       condition or disability that would prevent you from fully

21       understanding the charges against you and the consequences

22       of your plea?

23                    THE DEFENDANT:  No.

24                    THE COURT:  So, Mr. Navarro --

25                    MR. NAVARRO:  May I have a second, Your Honor?
```

```
1            THE COURT:  Absolutely.

2        (Brief pause in the proceedings.)

3            MR. NAVARRO:  Thank you, Your Honor.  I was

4   advising my client to let you finish your question.  He

5   understands a lot of English so he is getting ahead of

6   himself.

7            THE COURT:  Sir, we have time.  So if you need me

8   to ask the question again, don't hesitate.  Okay?

9            THE DEFENDANT:  Okay.

10           THE COURT:  All right.

11           Mr. Navarro, have you talked to your client about

12  these proceedings?

13           MR. NAVARRO:  We have, Your Honor.

14           THE COURT:  And do you have any reason to believe

15  that Mr. Salazar-Espinoza should not go forward with this

16  plea today?

17           MR. NAVARRO:  No, Your Honor.

18           THE COURT:  Do you believe he is in possession of

19  his faculties and is competent to proceed?

20           MR. NAVARRO:  He is, Your Honor.

21           THE COURT:  Based on the statements of the

22  testimony and his counsel and my own observations, I do find

23  that Mr. Salazar-Espinoza is in full possession of his

24  faculties and is competent to proceed.

25           Mr. Salazar-Espinoza, have you received a copy of
```

1    the Indictment -- that's the written document that outlines

2    the charges against you?

3            THE DEFENDANT:  Yes.

4            THE COURT:  You have the right to have me read the

5    Indictment to you here in open court.  Do you want me to

6    read it to you at this time?

7            THE DEFENDANT:  No.

8            THE COURT:  You also have the following

9    constitutional rights that you will be giving up by pleading

10   guilty.  You have the right to plead not guilty.  You have

11   the right to a speedy and public trial.  You have the right

12   to a trial by jury.  And at a trial, you would be presumed

13   innocent, and it would be up to the government to prove to

14   either a jury or this Court each and every element of the

15   offense.  And the government would have to have the burden

16   of proving those elements by a standard that's known as

17   beyond a reasonable doubt.

18           If you and the government agree, you could give up

19   the right to a jury trial and instead I would hear the

20   evidence and I will make a decision as to whether the

21   government has proved its case.

22           Even if you weren't to plead guilty this

23   afternoon, you would have the right to have a defense lawyer

24   represent you in these proceedings.  If you couldn't afford

25   a lawyer, one would be appointed for you free of charge to

1   assist you at the trial and at every other stage of the

2   proceedings.

3          You have the right to see and hear and have your

4   lawyer question the witnesses against you.  You would have

5   the right to have witnesses subpoenaed and compelled to

6   testify on your behalf.  You could testify in court on your

7   own behalf, but you also have what is known as the privilege

8   against self-discrimination, which means you have the

9   absolute right not to testify or otherwise incriminate

10  yourself in any way.

11         If you went to trial and you decided not to

12  testify, that fact could not be used against you.  But by

13  pleading guilty, you are going to give up that right

14  because -- and you will be incriminating yourself.

15         And if you went to trial and were convicted, you

16  have the right to appeal that conviction as well.

17         Have you and Mr. Navarro talked about all of those

18  rights?

19         THE DEFENDANT:  Yes.

20         THE COURT:  Do you understand all of those rights?

21         THE DEFENDANT:  Yes.

22         THE COURT:  Do you have any questions of me about

23  any of those rights?

24         THE DEFENDANT:  No, Your Honor.

25         THE COURT:  All right.  So then do you understand

```
1    that, if I accept your plea, you are going to be

2    incriminating yourself because you are going to be saying,

3    "I did the things -- or some of the things that are charged

4    in the Indictment," and you will have waived or given up

5    your right to a trial and all the rights that I have just

6    described.  Do you understand that, sir?

7              THE DEFENDANT:  Yes.

8              THE COURT:  Do you give up those rights?

9              THE DEFENDANT:  Yes.

10             THE COURT:  Mr. Navarro, are you satisfied that

11   the waivers are knowingly, voluntarily, and intelligently

12   made?

13             MR. NAVARRO:  Yes.

14             THE COURT:  Do you join and concur in the waivers?

15             MR. NAVARRO:  I do.

16             THE COURT:  Mr. Salazar-Espinoza, you are going to

17   be pleading guilty to Counts 1 and 4 of the Indictment.

18             Count 1 charges you with possession with the

19   intent to distribute methamphetamine, in violation of

20   Title 21, United States Code Section 841(a)(1),

21   (b)(1)(A)(viii); and you are also charged with possession of

22   a firearm in furtherance of a drug trafficking crime in

23   violation of 18 -- Title 18 United States Code Section

24   924(c).  I am going to have the government outline the

25   elements for those charges.
```

1          One last thing.  Both of those charges, sir, are

2     felonies.  So I am going to ask you to listen to the

3     elements of -- for those charges from the government.

4          Miss Restrepo.

5          MS. RESTREPO:  For defendant to be guilty of the

6     crime charged in Count 1, that is possession with intent to

7     distribute methamphetamine, violation of Title 21,

8     United States Code Sections 841(a)(1) and

9     841(b)(1)(A)(viii), the following must be true:  One,

10    co-defendant knowingly possessed methamphetamine; two,

11    defendant possessed the methamphetamine with the intent to

12    distribute it to another person.

13         For the defendant to be guilty of the crime

14    charged in Count 4, that is, possession of a firearm in

15    furtherance of a drug trafficking crime, in violation of

16    Title 18 United States Code Section 924(c), following must

17    be true:  One, defendant committed the crime of possession

18    with the intent to distribute methamphetamine as charged in

19    Count 1 of the Indictment, which is a drug trafficking

20    crime; two, defendant knowingly possessed a firearm; and,

21    three, defendant possessed the firearm in furtherance of the

22    crime of possession with intent to distribute

23    methamphetamine as charged in Count 1 of the Indictment.

24         For defendant to be subject to the statutory

25    maximum and statutory minimum sentences set forth in the

```
1    plea agreement, the government must prove beyond a
2    reasonable doubt that defendant possessed with intent to
3    distribute at least 50 grams of methamphetamine.
4              THE COURT:  Thank you, Miss Restrepo.
5              Sir, do you understand the nature of both of the
6    charges that you are going to be pleading guilty to today?
7              THE DEFENDANT:  Yes.
8              THE COURT:  Have you discussed the charges and the
9    elements for -- of the charges with Mr. Navarro?
10             THE DEFENDANT:  Yes.
11             THE COURT:  Do you have any questions of me about
12   the charges?
13             THE DEFENDANT:  No.
14             THE COURT:  All right.  Sir, have you talked with
15   Mr. Navarro about the maximum penalties and any mandatory
16   minimum penalties that apply to these charges?
17             THE DEFENDANT:  Yes.
18             THE COURT:  Just for the record, I'll have
19   Miss Restrepo, if you please, outline I believe the maximum,
20   and I believe there are two mandatory minimum penalties that
21   apply to this case.
22             MS. RESTREPO:  The statutory maximum sentence that
23   the Court can impose for violation of Title 21,
24   United States Code Sections 841(a)(1) and 841(b)(1)(A)(viii)
25   is life imprisonment, a lifetime period of supervised
```

1   release, a fine of $10 million, twice the gross gain or

2   gross loss resulting from the offense, whichever is

3   greatest, and mandatory special assessment of $100.

4          The statutory maximum sentence that the Court can

5   impose for a violation of Title 18 United States Code

6   Section 924(c)(1)(A) is life imprisonment, a five-year term

7   of supervised release, a fine of $250,000, twice the gross

8   gain or gross loss resulting from the offense, whichever is

9   greatest, and a mandatory special assessment of $100.

10         Therefore, the total maximum sentence for all

11   offenses to which defendant is pleading guilty is life

12   imprisonment, lifetime period of supervised release, a fine

13   of $10,250,000, or twice the gross gain or gross loss

14   resulting from the offense, whichever is greatest, and a

15   mandatory special assessment of $200.

16         Statutory mandatory minimum sentence that the

17   Court must impose for violation of Title 21,

18   United States Code Sections 841(a)(1), 841(b)(1)(A)(viii),

19   ten imprisonment, a five-year period of supervised release,

20   and a mandatory special assessment of $100.

21         Statutory mandatory minimum sentence that the

22   Court must impose for violation of Title 18 United States

23   Code Section 924(c)(1)(A) is a five-year term of

24   imprisonment, which must run consecutive to any other

25   sentence of imprisonment and a mandatory special assessment

1    of $100.

2              THE COURT:  All right.  Thank you, Miss Restrepo.

3              Sir, did you understand everything that the

4    prosecutor just said?

5              THE DEFENDANT:  Yes.

6              THE COURT:  So you understand that, at least as

7    currently charged, you are looking at a mandatory minimum

8    penalty of 15 years in prison.  Do you understand that?

9              THE DEFENDANT:  Yes.

10             THE COURT:  Now, this is a drug offense.  I

11   believe the government must prove at least the quantity

12   of -- is it 50 grams?

13             MS. RESTREPO:  That's correct, Your Honor.

14             THE COURT:  So, sir, if this case were to go to

15   trial, the government would be required to prove to either a

16   jury or this Court beyond a reasonable doubt that the

17   quantity of drugs involved in this case is at least the

18   amount described by the prosecutor which was 50 grams of

19   methamphetamine.

20             So, in essence, you would have the right to have a

21   jury or this Court determine if the government could prove

22   that that minimum amount was involved.

23             Do you admit that the drug offense that you are

24   pleading guilty to involved at least the quantity of drugs

25   described by the government?

```
 1              THE DEFENDANT:  Yes.

 2              THE COURT:  Do you waive or give up the right to

 3    have a jury or this Court determine the amount of drugs

 4    involved?

 5              THE DEFENDANT:  Yes.

 6              THE COURT:  Because the maximum penalty is life

 7    imprisonment and because there are mandatory minimums that

 8    apply to this case, you are not eligible for a probationary

 9    sentence.  Do you understand that, sir?

10              THE DEFENDANT:  Yes.

11              THE COURT:  You may be subject to what's known as

12    supervised release for a number of years after your release

13    from prison.

14              Have you discussed with Mr. Navarro and do you

15    understand what that means, what "supervised release" means?

16              THE DEFENDANT:  Yes.

17              THE COURT:  So you understand that, if you are

18    sent to prison and then after you are released you are

19    placed on supervised release for a number of years, if you

20    were to violate the terms and conditions of your supervised

21    release, I could send you back to prison for all or part of

22    the term of your supervised release.  Do you understand

23    that, sir?

24              THE DEFENDANT:  Yes, Your Honor.

25              THE COURT:  And if that were to happen, it could
```

1   result in you serving a total term of imprisonment that

2   is -- well, in this case it's difficult because the

3   statutory maximum is life.  So you wouldn't be sentenced to

4   more than life, obviously; but you could end is up getting a

5   prison sentence that may be higher than the mandatory

6   minimum that you initially received in this case.  Do you

7   understand that?

8           THE DEFENDANT:  Yes.

9           THE COURT:  If you are presently on parole,

10  probation, or supervised release on another case, your plea

11  of guilty this afternoon could be the basis for what's known

12  as a revocation of that parole, probation, or supervised

13  release, and, as a result, you could be returned to prison

14  in the other case separate from this case.  Do you

15  understand that, sir?

16          THE DEFENDANT:  Yes.

17          THE COURT:  And I tell everyone this, and I don't

18  know if this applies to you or not but just in the abundance

19  of caution, if you are not a citizen of the United States,

20  this plea and your conviction may cause you to be deported

21  or removed from the United States, and it may result in the

22  denial of naturalization or citizenship, amnesty, residency

23  status, and admission to the United States in the future.

24  Do you understand that, sir?

25          THE DEFENDANT:  Yes.

```
 1              THE COURT:  Because this is a felony, it may also
 2   deprive you of certain valuable civil rights, such as the
 3   right to vote, the right to hold public office, the right to
 4   serve on a jury, and the right to possess a firearm of any
 5   kind.  Do you understand that, sir?
 6              THE DEFENDANT:  Yes, Your Honor.
 7              THE COURT:  You may also be ineligible for
 8   assistance under state programs that are funded under the
 9   Social Security Act or the Federal Food Stamp Act.  Do you
10   understand that, sir?
11              THE DEFENDANT:  Yes.
12              THE COURT:  I know we have talked about a lot this
13   afternoon, but do you understand the possible consequences
14   of your plea, including the maximum sentence, the mandatory
15   minimum sentence that applies, and the other terms that the
16   government and this Court have talked about this afternoon?
17              THE DEFENDANT:  Yes.
18              THE COURT:  Do you have any questions about the
19   possible sentence that you may receive if I accept your
20   guilty plea this afternoon?
21              THE DEFENDANT:  No.  Everything is fine.
22              THE COURT:  You don't have any questions of me at
23   all, sir?
24              THE DEFENDANT:  No.
25              MR. NAVARRO:  My client is going to be addressing
```

1    the Court.  We have some medical issues that we want to

2    raise with the Court but at the end.

3              THE COURT:  Fair enough.

4              I will give you that opportunity, sir.  Okay?

5              All right.  Is there any reason why we should not

6    continue to take your guilty plea this afternoon?

7              THE DEFENDANT:  No.  It's okay.

8              THE COURT:  So, sir, you are going to be sentenced

9    under what's known as the Sentencing Reform Act of 1984.

10   There is an organization out of Washington, D.C., the

11   United States Sentencing Commission.  They have issued

12   guidelines that judges must consult and take into account

13   but are not required to follow in determining the sentence

14   in criminal cases.

15             In determining your sentence, the Court will be

16   required to calculate the applicable sentencing guidelines

17   range and to consider that range and any possible departures

18   under the sentencing guidelines and other sentencing factors

19   as well.

20             Have you and Mr. Navarro talked about how the

21   sentencing guidelines might be applied to your case?

22             THE DEFENDANT:  Yes.

23             THE COURT:  Do you understand, sir, that,

24   regardless of the guidelines range, I could sentence you to

25   up to the maximum sentence that's allowed by law in this

1    case?  Do you understand, sir?

2              THE DEFENDANT:  Yes.

3              THE COURT:  Now, neither this Court nor your

4    lawyer will be able to determine what the guidelines range

5    for your case is until after a presentence report has been

6    prepared.  Do you understand that?

7              THE DEFENDANT:  Yes.

8              THE COURT:  Once that report is prepared, your

9    lawyer and you will have a copy of it that you can go over,

10    the government will have a copy, and I will have a copy of

11    that report.  Both you and your lawyer and the government

12    will have an opportunity to file any objections to the

13    report and file a document indicating what you believe the

14    appropriate sentence should be.  Do you understand that,

15    sir?

16              THE DEFENDANT:  Yes.

17              THE COURT:  Now, do you understand that the

18    sentence I impose may be different than any estimate that

19    your lawyer has given you.  Do you understand, sir?

20              THE DEFENDANT:  Yes.

21              THE COURT:  I could impose a sentence that is

22    either more severe or less severe than what the guideline

23    range is.  Do you understand that?

24              THE DEFENDANT:  Yes.

25              THE COURT:  And the fact that you may be uncertain

```
1   as to what the sentence will be -- or let's say you are

2   disappointed in what the sentence is, that would not be a

3   basis by itself to withdraw the plea and say, "Hey, I want

4   to start all over again."  Do you understand that?

5           THE DEFENDANT:  Yes.

6           THE COURT:  So, Mr. Salazar-Espinoza, has anyone

7   made any promises, representations, or guarantees of any

8   kind in order to get you to plead guilty to this case?

9           THE DEFENDANT:  No.

10          THE COURT:  Has anyone told you a specific

11  sentence that this Court would impose in the event that I

12  accept your guilty pleas?

13          THE DEFENDANT:  No.

14          THE COURT:  Has anyone attempted to threaten you,

15  your family, or anyone close to you, or in any way try to

16  force you to plead guilty in this case?

17          THE DEFENDANT:  No.

18          THE COURT:  Do you understand, if the sentence you

19  get is more severe than what you expected, as I mentioned

20  that in and of itself would not be a basis for you to

21  withdraw your plea of guilty.  Do you understand that?

22          THE DEFENDANT:  Yes.

23          THE COURT:  Are you pleading guilty voluntarily

24  and of your own free will?

25          THE DEFENDANT:  Yes.
```

```
 1              THE COURT:  Is there an agreement with respect to
 2    a sentence in this case?  I know there is some reference to
 3    some other factors in paragraph 3 of the agreement, but is
 4    that it as it relates to the sentence?
 5              MS. RESTREPO:  Yes, Your Honor.
 6              THE COURT:  Miss Restrepo, I neglected to ask.
 7    What about with respect to the appellate rights?  Is there a
 8    limited mutual waiver of appeal?
 9              MS. RESTREPO:  There is, Your Honor.
10              THE COURT:  Would you please outline that waiver
11    at this time.
12              MS. RESTREPO:  Yes, Your Honor.
13              With the exception of an appeal based on the claim
14    that the defendant's guilty pleas were involuntary, by
15    pleading guilty the defendant is waiving and giving up any
16    right to appeal defendant's convictions on the offenses to
17    which defendant is pleading guilty.
18              This waiver includes but is not limited to
19    argument that the statutes to which defendant is pleading
20    guilty are unconstitutional and any and all claims that the
21    statement of facts provided in the plea agreement is
22    insufficient to support defendant's pleas of guilty.
23              Provided the Court imposes a term of imprisonment
24    on all counts of no more than 270 months, defendant gives up
25    the right to appeal all of the following:
```

1          A, the procedures and calculations used to

2     determine and impose any portion of the sentence; B, the

3     term of imprisonment imposed by the Court; C, the fine

4     imposed by the Court provided it is within the statutory

5     maximum; D, the term of probation or supervised release

6     imposed by the Court provided it is within the statutory

7     maximum; and, E, any of the following conditions of

8     probation or supervised release imposed by the Court, the

9     conditions set forth in General Orders 318, 01-05 and/or

10    05-02 of this Court, the drug testing conditions mandated by

11    Title 18 United States Code Sections 3563(a)(5) and 3583(d),

12    and the alcohol and drug use conditions authorized by

13    Title 18 United States Code Section 3563(b)(7).

14          THE COURT:  All right.  Thank you, Counsel.

15          Sir, did you discuss giving up all of those rights

16    as described by the prosecutor with your lawyer?

17          THE DEFENDANT:  Yes.

18          THE COURT:  So I will accept the plea based on

19    that understanding.

20          Mr. Navarro, if I could turn to you.  Did you

21    review the facts of the case and all the discovery provided

22    by the government with your client?

23          MR. NAVARRO:  Yes, Your Honor.

24          THE COURT:  Did you pursue with him any potential

25    defenses that he might have to this case?

```
 1                MR. NAVARRO:  We did.

 2                THE COURT:  Have you advised Mr. Salazar-Espinoza

 3     concerning the legality or admissibility of any statements

 4     or confessions or other evidence that the government has

 5     against him?

 6                MR. NAVARRO:  I did, Your Honor.

 7                THE COURT:  To the best of your knowledge, is

 8     Mr. Salazar-Espinoza pleading guilty because of any

 9     illegally obtained evidence in the possession of the

10     government?

11                MR. NAVARRO:  He is not, Your Honor.

12                THE COURT:  Did you and Mr. Salazar-Espinoza agree

13     that it was in his best interests to enter into this plea?

14                MR. NAVARRO:  We did, Your Honor.

15                THE COURT:  Is it your opinion that he is entering

16     into this plea freely and voluntarily with a full knowledge

17     of the charges and the consequences of the plea?

18                MR. NAVARRO:  He is.

19                THE COURT:  Have there been any promises,

20     representations, or guarantees made to either you or your

21     client other than what's contained in the plea agreement?

22                MR. NAVARRO:  No, Your Honor.

23                THE COURT:  Other than a general discussion of the

24     guidelines and other sentencing considerations, have you

25     given Mr. Salazar-Espinoza any indication of what a specific
```

1    sentence -- I should say of what specific sentence this

2    Court would impose or conveyed to him any promise of a

3    particular sentence or sentence range in the event that the

4    Court accepts the plea this afternoon?

5              MR. NAVARRO:  No, Your Honor.

6              THE COURT:  Do you know any reason why the Court

7    should not accept your client's plea?

8              MR. NAVARRO:  No, Your Honor.

9              THE COURT:  Do you join in the waiver of jury

10   trial and concur in the plea?

11             MR. NAVARRO:  I do, Your Honor.

12             THE COURT:  Miss Restrepo, other than what's been

13   previously stated throughout this afternoon, has the

14   government made any promises, representations, or guarantees

15   either to Mr. Navarro or Mr. Salazar-Espinoza other than

16   what was stated here in court or in the plea agreement?

17             MS. RESTREPO:  No, Your Honor.

18             THE COURT:  Does the government waive jury trial?

19             MS. RESTREPO:  We do, Your Honor.

20             THE COURT:  Mr. Salazar-Espinoza, I will turn back

21   to you.  Are you satisfied with the representation of your

22   lawyer?

23             THE DEFENDANT:  Yes, Your Honor.

24             THE COURT:  Have you told your lawyer everything

25   that you know about the case?

```
1              THE DEFENDANT:  Yes.

2              THE COURT:  Do you believe that your lawyer has

3    fully advised you concerning this case?

4              THE DEFENDANT:  Yes.

5              THE COURT:  Have you had enough time to discuss

6    this case with your lawyer?

7              THE DEFENDANT:  Yes.

8              THE COURT:  Did your lawyer or anyone else for

9    that matter tell you exactly how you should answer my

10   questions that I asked you this afternoon?

11             THE DEFENDANT:  No, Your Honor.

12             THE COURT:  Do you believe that you understand the

13   consequences to you of this plea?

14             THE DEFENDANT:  Yes.

15             THE COURT:  Do you believe that you are competent

16   to make the decision to plead guilty?

17             THE DEFENDANT:  Yes, Your Honor.

18             THE COURT:  So, sir, do you understand, then, that

19   all that's going to be left in this case if I accept the

20   plea this afternoon is the imposition of a sentence which

21   will likely include imprisonment.  Do you understand that?

22             THE DEFENDANT:  Yes.

23             THE COURT:  Having in mind all that we've

24   discussed this afternoon and the rights that you are going

25   to be giving up and the mandatory minimum sentence, do you
```

1    still want to plead guilty this afternoon?

2              THE DEFENDANT:  Yes.

3              THE COURT:  So I am going to ask you now to listen

4    as the government outlines the facts that the government

5    believes it will be able to prove if this case went to

6    trial.

7              You may proceed, Miss Restrepo.

8              MS. RESTREPO:  If this case were to proceed to

9    trial, the government would be prepared to prove the

10   following facts beyond a reasonable doubt:  Defendant sold

11   drugs out of his home in Los Angeles within the

12   Central District of California.  On December 3rd, 2015, at

13   his home, defendant knowingly and intentionally possessed

14   with the intent to distribute approximately 3.84 kilograms

15   of actual methamphetamine, a Schedule 2 controlled

16   substance.  In addition to the methamphetamine, defendant

17   also knowingly and intentionally possessed with the intent

18   to distribute approximately 2.725 kilograms of a substance

19   containing heroin, 235 grams of a substance containing

20   fentanyl, and 5.63 kilograms of marijuana.  Defendant also

21   knowingly possessed the following firearm at his home on

22   December 3rd, 2015, in furtherance of that drug trafficking

23   crime, namely, possession with intent to distribute

24   methamphetamine, a Colt Government, model MKIV, Series 80,

25   .380 caliber pistol bearing serial number RS21330.

```
 1              THE COURT:  All right.  Thank you.
 2              Did you understand everything that the prosecutor
 3    just said?
 4              THE DEFENDANT:  Yes.
 5              THE COURT:  Is everything she said about you and
 6    your conduct and your intent true and correct?
 7              THE DEFENDANT:  Yes.
 8              THE COURT:  Are you pleading guilty because you
 9    did the things charged in the Indictment?
10              THE DEFENDANT:  Yes.
11              THE COURT:  Are you pleading guilty because you
12    are, in fact, guilty?
13              THE DEFENDANT:  Yes.
14              THE COURT:  All right.
15              Is the government satisfied with the factual
16    basis?
17              MS. RESTREPO:  Yes, Your Honor.
18              THE COURT:  Do counsel agree that the Court's
19    complied with the requirements of Rule 11?
20              Miss Restrepo?
21              MS. RESTREPO:  Yes, Your Honor.
22              THE COURT:  Mr. Navarro?
23              MR. NAVARRO:  Yes, Your Honor.
24              THE COURT:  Sir, in case CR 17-288, how do you
25    plead to Counts 1 and 3 to this Indictment -- I'm sorry, 1
```

1    and 4 to this Indictment?  How could you plead, sir?

2              THE DEFENDANT:  Guilty.

3              THE COURT:  All right, sir.  I am going to make

4    certain findings.  Again, if you don't understand or if you

5    disagree with what I am about to say, please let me know or

6    ask your lawyer to let me know.

7              In the case of United States versus Jesus Raul

8    Salazar-Espinoza, the Court having questioned the defendant

9    and his counsel on the offer of pleas of guilty to Counts 1

10   and 4 of the Indictment, both felonies, the defendant and

11   his counsel having advised the Court that they have

12   conferred concerning the offered pleas of guilty and all

13   aspects of the charges against Mr. Salazar-Espinoza and any

14   defenses he may have and the Court having observed

15   Mr. Salazar-Espinoza's intelligence, demeanor, and attitude

16   while answering the questions and the Court also having

17   observed that Mr. Salazar-Espinoza does not appear to be

18   under the influence of any medicine, drug, or other

19   substance or factor that might affect his actions or

20   judgment in any manner; so I find that he is fully competent

21   and capable of entering an informed plea, he is aware of the

22   nature of the charges and the consequences of those pleas.

23             The Court further finds the pleas of guilty are

24   knowingly, voluntarily, and intelligently made with a full

25   understanding of the nature of the charges, the consequences

1    of the plea, and Mr. Salazar-Espinoza's constitutional

2    rights.

3            The Court further finds that the plea is supported

4    by an independent factual basis that contains each of the

5    essential elements of the offenses.

6            So I am going to accept the plea and order the

7    plea be entered.  I am going to order that a written

8    presentence report be prepared in this case by the probation

9    department.

10           Sir, you are going to be asked to provide some

11   information for that report.  I don't know you, sir, and so

12   that information will be important to me to get a better

13   understanding of who you are, what your background was, and

14   what brought you to these circumstances.  When you are

15   interviewed for that report, your lawyer may be present if

16   you wish.

17           As I said earlier, both you and your lawyer are

18   going to have an opportunity to read the report and file any

19   objections that you believe are appropriate to the report

20   before the hearing.  At the sentencing, you will have a

21   chance to speak on your behalf as well as your lawyer.

22           So I am going to refer the matter to the probation

23   office for a presentence report.  The date for sentencing

24   that I am proposing is February 8th, 2019, at 1:30 P.M.

25           Does that date and time work for counsel?

1          Miss Restrepo?

2          MR. NAVARRO:  Your Honor, if we could get a much

3   later date, I was going to suggest April 29th.

4          THE COURT:  Let me check with the boss here for a

5   second.

6      (Brief pause in the proceedings.)

7          THE COURT:  Can we do it on a Friday?  Are we

8   talking in May?

9          MR. NAVARRO:  Sure.

10     (Brief pause in the proceedings.)

11         THE COURT:  All right.  We could do it May 3rd at

12  1:30 P.M.

13         Sir, you are ordered to appear on that date and

14  time without any further notice, order, or subpoena.  We're

15  going to vacate the jury trial date, and I am going to order

16  that a presentence report be prepared.

17         Is there anything further from the government?

18         MS. RESTREPO:  One thing, Your Honor, and I

19  apologize if I missed it.  I ask the Court incorporate the

20  plea into the proceedings today.

21         THE COURT:  To the extent I haven't incorporated

22  the plea, the plea agreement will be incorporated into these

23  proceedings.

24         MS. RESTREPO:  Thank you, Your Honor.

25         THE COURT:  Anything further, Mr. Navarro?

```
 1              MR. NAVARRO:  I do have one issue.  My client is
 2   diabetic, and he is having some very serious problems with
 3   his legs which appear not to have been addressed while he
 4   has been in custody at MDC.  I can file a separate
 5   application if you want me to, or I would ask simply for the
 6   Court to issue an order for my client to get treatment for
 7   his diabetes.
 8              THE COURT:  I'm sorry.  Could you just briefly
 9   outline sort of what -- how are the conditions manifesting
10   themselves?
11              MR. NAVARRO:  Your Honor, my client gets massive
12   swelling in his legs, and he's got bruising on both of his
13   legs which I think it's a by-product of his diabetes.
14              THE COURT:  Sir, have you been seen by a doctor at
15   MDC?
16              THE DEFENDANT:  It's been four months now since I
17   have been seen.
18              MR. NAVARRO:  He also has bruises on his back.
19              THE COURT:  You don't need to show them to me, not
20   that I doubt what you are saying, I just want to make sure I
21   understand.
22              You said it's been four months since you have been
23   last seen.
24              THE DEFENDANT:  Yes.
25              THE COURT:  Were you given any medication when you
```

1   were seen four months ago?

2          THE DEFENDANT:  I was given some pills so that the

3   bruising would go away, but it hasn't been given to me

4   again.

5          THE COURT:  Did the pills help at first, or they

6   didn't help at all?

7          THE DEFENDANT:  Yes, they did.

8          THE COURT:  All right.  Sir, what I'm going to do

9   is I am going to make a recommendation that you be seen as

10  soon as possible so they can address the diabetic condition

11  or give you an examination.

12         At this stage, I can't order them to see you, but

13  I like to believe that a recommendation from the Court, when

14  it's in an order, the minute order of this case, will help

15  you get to a doctor sooner than later.

16         I am going to ask, Mr. Navarro, if that doesn't

17  rectify things to let the Court know via my courtroom

18  deputy.  Or if you feel the need to file something, let the

19  Court know, and I will take the next step to try to get this

20  addressed.

21         Does that work for you, Mr. Navarro?

22         MR. NAVARRO:  It does.

23         THE COURT:  All right.  Let's see if we can get

24  you to the doctor sooner rather than later so we can treat

25  this condition.  All right, sir?

1          THE DEFENDANT:  All right.

2          THE COURT:  If there is nothing further, I'll see

3   you for sentencing next year.  All right.  Thank you.

4          MS. RESTREPO:  Thank you, Your Honor.

5          MR. NAVARRO:  Thank you.

6       (Proceedings concluded at 2:29 p.m.)

7                         --oOo--

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                         CERTIFICATE

 2

 3      I hereby certify that pursuant to Section 753,

 4  Title 28, United States Code, the foregoing is a true and

 5  correct transcript of the stenographically reported

 6  proceedings held in the above-entitled matter and that the

 7  transcript page format is in conformance with the

 8  regulations of the Judicial Conference of the United States.

 9

10  Date:  May 2, 2020.

11

12

13

14                  __/S/ CHIA MEI JUI _____

15                  Chia Mei Jui, CSR No. 3287

16

17

18

19

20

21

22

23

24

25
```