UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JESUS RAUL SALAZAR-ESPINOZA,<br><br>Defendant. | Case No. CR 17-288-AB<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE** |

Before the Court is Jesus Raul Salazar-Espinoza's ("Mr. Salazar-Espinoza") motion seeking compassionate release ("Motion" Dkt. No. 83). Having carefully considered Mr. Salazar-Espinoza's arguments, the Court **DENIES** the Motion for the following reasons.

**I. BACKGROUND**

On May 16, 2017, Mr. Salazar-Espinoza was charged by indictment with (1) possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); (2) possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1),(b)(1)(A)(i); and (3) possession with intent to distribute fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C); (4) possession of

1.

a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and (5) felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). (Dkt No. 1). On November 2, 2018, Mr. Salazar-Espinoza pled guilty to counts 1 through 4. (Dkt. No. 44). On December 6, 2019, this Court imposed a custodial sentence of 180 months in prison and five years of supervised release. (Dkt. No. 64). Subsequently, the Government dismissed the fifth count. (*Id.*) Mr. Salazar-Espinoza is currently serving his sentence at FCI Victorville #2 in Adelanto, California ("FCI Victorville"). Mr. Salazar-Espinoza has approximately nine years of his sentence remaining. On December 7, 2020, Mr. Salazar-Espinoza, acting *pro se*, filed this Motion seeking compassionate release due to concerns surrounding the COVID-19 pandemic.

## II. LEGAL STANDARD

"A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal alterations omitted). "Compassionate release provides an exception" to this general rule "in extraordinary cases." *United States v. Holden*, No. 3:13-cr-00444-BR, 2020 WL 1673440, at *2 (D. Or. Apr. 6, 2020).

Prior to December 21, 2018, "the Court could only reduce a sentence of imprisonment upon a motion of the Director of the Bureau of Prisons[.]" *United States v. Esparza*, No. 1:07-cr-00294-BLW, 2020 WL 1696084, at *1 n.1 (D. Idaho Apr. 7, 2020). But on December 21, 2018, Congress enacted—and the President signed into law—the First Step Act of 2018 ("the FSA"), "with the intent of 'increasing the use and transparency of compassionate release.'" *United States v. Willis*, 382 F. Supp. 3d 1185, 1187 (D.N.M. 2019). Accordingly, the FSA now "permits defendants to bring their own motions for compassionate release after first exhausting their administrative remedies with the Bureau of Prisons." *United States v.*

2.

*Ayon-Nunez*, No. 1:16-cr-00130-DAD, 2020 WL 704785, at *2 (E.D. Cal. Feb. 12, 2020). Compassionate release is governed by 18 U.S.C. § 3582(c). *Willis*, 382 F. Supp. 3d at 1187.

The FSA modified Section 3582(c)(1)(A)(i) to allow for compassionate release when three requirements are met: First, the defendant must exhaust administrative remedies. Second, a district court may grant compassionate release only if extraordinary and compelling reasons warrant a reduction and that such reduction is consistent with applicable policy statements issued by the Sentencing Commission. Third, the district court must also consider 'the factors set forth in Section 3553(a) to the extent they are applicable.'" *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019) (citing 18 U.S.C. § 3582(c)(1)(A)(i)). The FSA "grants broad discretion to the district courts in providing relief[.]" *Jones v. United States*, No. 4:98-cr-10-01, 2020 WL 219311, at *3 (E.D. Va. Jan. 6, 2020).

### III. DISCUSSION

#### A. Mr. Salazar-Espinoza Has Sufficiently Exhausted His Administrative Remedies

The Court "may entertain an inmate's request for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) only (1) 'after he has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion' on his behalf or (2) after 'the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.'" *United States v. Cooper*, No. 2:14-cr-00228-JAD-CWH, 2020 WL 2064066, at *2 (D. Nev. Apr. 29, 2020) (internal alterations omitted) (citing 18 U.S.C. § 3582(c)(1)(A)). In addition, exhaustion occurs when the Bureau of Prisons ("BOP") denies a defendant's application. *United States v. Mondaca*, No. 89-cr-00655-DMS, 2020 WL 1029024, at *2 (S.D. Cal. Mar. 3, 2020).

Here, Mr. Salazar-Espinoza's brief states he sent a request for compassionate

release to the BOP and that more than thirty (30) days have passed since his request. (Mot. at 4-5). Mr. Salazar-Espinoza does not include a copy of the request as part of his Motion or provide any dates for the request; however, for the limited purpose of this Order, the Court accepts as true that Mr. Salazar-Espinoza has exhausted his administrative remedies.

### B. Mr. Salazar-Espinoza Has Not Established Extraordinary and Compelling Reasons Warranting Compassionate Release

Mr. Salazar-Espinoza claims that the COVID-19 pandemic, in combination with his risk factors and the BOP's response to the pandemic, establishes extraordinary and compelling reasons to grant him compassionate release.

Section 3582(c) "provides a path for defendants in 'extraordinary and compelling circumstances' to be released from prison early." *Rodriguez*, 424 F. Supp. 3d at 681 (citing 18 U.S.C. § 3582(c)(1)(A)). The FSA does not define "what constitutes 'extraordinary and compelling' other than that '[r]ehabilitation of the defendant alone' is insufficient." *Rodriguez*, 424 F. Supp. 3d at 681 (quoting 28 U.S.C. § 994(t)). The statute only "directs the Sentencing Commission to promulgate 'the criteria to be applied and a list of specific' extraordinary and compelling examples" consistent with the intent of the FSA. *Id.* The Sentencing Commission has not yet done so. Accordingly, the only policy statement issued by the Sentencing Commission related to what counts as a qualifying "extraordinary and compelling condition" predates the FSA's sweeping revisions to the nation's criminal laws. *Id.* This out-of-date policy statement—U.S.S.G. § 1B1.13, relied upon by the government—identifies only four qualifying conditions: (1) a serious medical condition (*i.e.*, that the defendant is either "suffering from a terminal illness" or some other serious condition "that substantially diminishes the ability of the defendant to provide self-care" in prison); (2) the defendant's age in combination with a medical condition (*i.e.*, that the defendant is at least 65 years old, is experiencing deteriorating

4.

health, and has served a substantial portion of her sentence); (3) certain family circumstances (*i.e.*, the incapacitation of a spouse); or (4) some other reason "determined by the Director of the [BOP]." *See* U.S.S.G. § 1B1.13 at cmt. 1. The Sentencing Commission has yet to harmonize its policy statements with the FSA. *Rodriguez*, 424 F. Supp. 3d at 681. *See also United States v. Brown*, 411 F. Supp. 3d 446, 449 (S.D. Iowa 2019)) ("On the one hand, Congress unequivocally said it wishes to 'increase the use . . . of compassionate release' by allowing district courts to grant petitions 'consistent with applicable policy statements' from the Sentencing Commission" but "[o]n the other hand, the Commission . . . has not made the policy statement for the old regime applicable to the new one.").

A number of district courts have concluded that, in the absence of applicable policy statements, courts can determine whether any extraordinary and compelling reasons other than those delineated in U.S.S.G. § 1B1.13 warrant release. *Rodriguez*, 424 F. Supp. 3d at 681-82; *see also, e.g., United States v. Chan*, 2020 WL 1527895, at *5 (N.D. Cal. Mar. 31, 2020) (following *Rodriguez* and concluding that reasons "other than those delineated in" U.S.S.G. § 1B1.13 could "warrant a reduction in Chan's sentence"); *United States v. Wade*, 2020 WL 1864906, at *5 (C.D. Cal. Apr. 13, 2020) (quoting same and granting motion for compassionate release for extraordinary and compelling reasons other than those set forth in U.S.S.G. § 1B1.13); *see also United States v. Beck*, 425 F. Supp. 3d. 573, 583 (M.D.N.C. 2019) (concluding that courts may "exercise similar discretion as that previously reserved to the BOP Director" to determine extraordinary and compelling circumstances).

This Court agrees with the above courts. Thus, the Court is not bound by the four qualifying conditions recited above when considering whether the evidence of Mr. Salazar-Espinoza's medical risk factors, in combination with the COVID-19 pandemic, comprise extraordinary and compelling reasons that justify his release. Some district courts have determined that "extraordinary and compelling" reasons for

compassionate release exist "when the prisoner suffers from preexisting health conditions that might make a COVID-19 infection more lethal." *United States v. O'Neil*, No. 3:11-cr-00017, 2020 WL 2892236, at *6 (S.D. Iowa June 2, 2020). Thus, a defendant may be able to establish extraordinary and compelling reasons for release if (1) he has a condition that compellingly elevates his risk of being seriously ill, or dying, from COVID-19; and (2) is more likely to contract COVID-19 in his particular institution than if released. *United States v. Lewin*, Crim. No. SAG-15-198, 2020 WL 3469516, at *3 (D. Md. June 25, 2020).

Mr. Salazar-Espinoza identifies the following factors which he claims increase his risk of severe illness should he contract COVID-19: (1) his deteriorating health, including his previous heart surgery, his coronary heart disease, and diabetic retinopathy; and (2) his age at 53 years old. (Mot. at 4, 6). First, the CDC acknowledges that the risk of severe illness does indeed increase with age, with those between 50 and 64 years of age to be four times (4x) times more likely to require hospitalization than young adults. *See* Coronavirus Disease 2019 (COVID-19): People Who Are at Increased Risk for Severe Illness, CTRS. FOR DISEASE CONTROL, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last accessed January 6, 2021). Next, CDC has listed heart conditions, such as coronary artery disease, as a risk factor for severe illness from COVID-19. *See* Coronavirus Disease 2019 (COVID-19): People Who Are at Increased Risk for Severe Illness, CTRS. FOR DISEASE CONTROL, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last accessed January 6, 2021). Diabetic retinopathy is not listed as a risk factor, but Type 1 diabetes is listed as a factor that "might" cause an increased risk of illness. (*Id.*) In short, Mr. Salazar-Espinoza suffers from several medical conditions each of which may impact his overall ability to combat COVID-19 should he contract it.

The Court is sympathetic to Mr. Salazar-Espinoza's conditions and concern about contracting COVID-19, including the current outbreak at FCI Victorville, which as of January 6, 2021 had 148 positive cases of COVID-19.  *See* COVID-19 Coronavirus, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last accessed January 6, 2021).   However, the Court concludes that these conditions may not reach the level of "extraordinary and compelling" circumstances as is required under law.  Regardless, a determination regarding health and risk factors is insufficient to warrant Mr. Salazar-Espinoza's release.

**C. Mr. Salazar-Espinoza Presents a Danger to the Community if Released**

In addition, prior to granting compassionate release, and even if extraordinary and compelling reasons exist, the Court must consider whether Mr. Salazar-Espinoza is a danger to the safety of any other person or to the community.  *Mondaca*, 2020 WL 1029024, at *3.  The Court considers a number of factors including: (1) the nature and circumstances of the offense charged; (2) the history and characteristics of the person, including character, physical and mental condition, family ties, employment, financial resources, past conduct, criminal history, and drug and alcohol abuse; and (3) the nature and seriousness of the danger to any person or the community that release would impose.  *Id.*

Due to the nature of Mr. Salazar-Espinoza's underlying misconduct and criminal history, the Court finds that Mr. Salazar-Espinoza has not met his burden of showing that he is not a danger to the community.  Mr. Salazar-Espinoza has a significant criminal history (criminal history category IV) involving numerous narcotics related offenses.  The instant case involved a significant amount of narcotics (3.8 kilograms of methamphetamine, 5.6 kilograms of marijuana, 235 grams of fentanyl and 2,725 grams of heroin) and the admitted use of a firearm.  This Court cannot ignore the danger Mr. Salazar-Espinoza poses to the community.

While the Court recognizes Mr. Salazar-Espinoza's arguments that his

likelihood of recidivism has likely decreased due to age and that his underlying offenses were drug-related, it notes that the danger to the community stems from the distribution of drugs to community members, not mere physical violence. Moreover, Mr. Salazar-Espinoza does not provide a fulsome release-plan: he merely requests to be released. Accordingly, the Court concludes that Mr. Salazar-Espinoza has not sufficiently established that he would not present a danger to the community if granted compassionate release.

Denying compassionate release is not a decision the Court makes lightly. The Court acknowledges the very real danger posed by the COVID-19 pandemic, and the serious concern that Mr. Salazar-Espinoza feels. But having considered the evidence, the Court finds that Mr. Salazar-Espinoza has not shown the legal requirements justifying judicially ordered compassionate release.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Mr. Salazar-Espinoza's Motion.

Dated: January 07, 2021    _____
                           HONORABLE ANDRÉ BIROTTE JR.
                           UNITED STATES DISTRICT COURT JUDGE