UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES - GENERAL

| Case No. | CR 17-00288 AB | Date | December 28, 2021 |
|---|---|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., UNITED STATES DISTRICT JUDGE** |
|---|---|
| Interpreter | N/A |

| Carla Badirian | None Present | None Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Jesus Raul Salazar-Espinoza (Not Present) | | | | | | | |

**Proceedings:** [In Chambers] Order **DENYING** Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)

Before the Court is Defendant Jesus Raul Salazar-Espinoza's ("Mr. Salazar-Espinoza") motion seeking compassionate release pursuant to 18 U.S.C. §3582(c)(1)(A), and for appointment of counsel. The Government filed an Opposition and Mr. Salazar-Espinoza filed a Reply.

## LEGAL STANDARD

Section 3582(c)(1)(A)(i) allows for compassionate release when three requirements are met: First, the defendant must exhaust administrative remedies. Second, "a district court may grant compassionate release only if 'extraordinary and compelling reasons warrant such a reduction' and 'that such reduction is consistent with applicable policy statements issued by the Sentencing Commission.' Third, the district court must also consider 'the factors set forth in Section 3553(a) to the extent they are applicable.'" *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019) (citing 18 U.S.C. § 3582(c)(1)(A)(i)). The statute "grants broad discretion to the district courts in providing relief[.]" *Jones v. United States*, No. 4:98-cr-10-01, 2020 WL 219311, at *3 (E.D. Va. Jan. 6, 2020).

## DISCUSSION

The Court denies the request for appointment of counsel.

<div style="border: 1px solid black; padding: 10px;">

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

</div>

This is Mr. Salazar-Espinoza's second motion for compassionate release under § 3582(c)(1)(A)(i). On January 7, 2021, the Court issued an Order denying his First Motion. *See* First Order (Dkt. No. 84). On March 18, 2021, the Court issued an order construing Mr. Salazar-Espinoza's late-received supplemental memorandum as a motion for reconsideration, and denying it. *See* Second Order (Dkt. No. 87).

The First Order sets forth Mr. Salazar-Espinoza's background, which is incorporated herein. In brief, on December 6, 2019, Mr. Salazar-Espinoza was sentenced to 180 months of imprisonment (the mandatory minimum sentence) for drug trafficking and related offenses. He has served a little over a third of his sentence; his projected release date is March 12, 2030.

In this Motion[1], Mr. Salazar-Espinoza argues that the (1) COVID-19 pandemic, (2) in combination with his risk factors (health conditions) and the BOP's response to the pandemic, (3) along with his good conduct while in custody, warrant granting him compassionate release.

Mr. Salazar-Espinoza's First Motion was based on the first two arguments. The Court's First Order concluded that these arguments did not establish the "extraordinary and compelling" reasons necessary to qualify for compassionate release under § 3582(c). The Court also found that Mr. Salazar presented a danger to the community, thus disqualifying him from compassionate release under § 3553(a), the third element of the analysis. After the First Order issued, the Court received Mr. Salazar-Espinoza's supplemental memorandum explaining that he contracted COVID-19. In its Second Order, the Court determined that the fact that Mr. Salazar-Espinoza was a danger to the community still forecloses relief.

Mr. Salazar-Espinoza relies on the same arguments about the COVID-19 pandemic, his health conditions, and the BOP's response to the pandemic to satisfy § 3582(c). The Court still finds that Mr. Salazar-Espinoza has not shown the "extraordinary and compelling" reasons necessary to qualify for compassionate release under § 3582(c), even in light of the Delta and Omicron variants that have emerged since the first Motion. The Court also notes that Mr. Salazar-Espinoza has been fully vaccinated since April 7, 2021. *See* Gov't Ex. B. This affords him some, albeit necessarily imperfect, protection from the virus. The new variants and Mr. Salazar-Espinoza's full vaccination are the only new facts pertinent to the § 3582(c) analysis, and they do not compel a different result from that reached the last time: that Mr. Salazar-Espinoza does not qualify for relief under § 3582(c).

Because Mr. Salazar-Espinoza does not satisfy § 3582(c), the Court need not address the § 3553(a) factors. However, those factors would also weigh against release. Mr. Salazar-Espinoza argues that his good behavior while incarcerated favors his release. He also argues

---

[1] There is no dispute that Mr. Salazar-Espinoza has exhausted his administrative remedies.

| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA |
|:---:|
| **CRIMINAL MINUTES - GENERAL** |

that his age and health conditions render him non-dangerous to the community, and that he faces deportation, thus further safeguarding the community. But Mr. Salazar-Espinoza was imprisoned for distributing significant quantities of methamphetamine, heroin, fentanyl, and marijuana: this conduct poses a danger to the community and he could engage in such conduct despite his age and health conditions. Furthermore, that Mr. Salazar-Espinoza faces deportation does not mean is poses no danger; it means only that he would pose a danger in a different place. In sum, Mr. Salazar-Espinoza remains a danger to the community, and releasing him would not be consistent with the § 3553(a) factors.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Mr. Salazar-Espinoza's Motion.

**IT IS SO ORDERED.**